W. S. GILMAN, APPELLEE, v. ALMIDA A. IRWIN, APPELLANT.

FILED DECEMBER 14, 1909. No. 15,837.

Ejectment: ADVERSE POSSESSION: EVIDENCE. On a trial in an action in ejectment where the defense was that the premises involved had been in the open, adverse and continued possession of the defendant for more than the statutory period of limitation, and the trial court found upon sufficient evidence that the possession of the defendant, although for more than ten years, had been under and by permission and license of plaintiff's grantors, the question of the competency and sufficiency of plaintiff's proof of ownership is not material, and the judgment in favor of plaintiff for the possession of the property will be affirmed.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Alfred Pizcy* and *J. J. McAllister,* for appellant.

*H. A. McManus* and *M. C. Beck, contra.*

REESE, C. J.

This is an action in ejectment which was instituted in the district court for Dakota county for the possession of lots 4, 5 and 6, block 53, Covington Annex to South Sioux City, in said county. The petition is in the usual form. The answer consists of (1) a general denial of the averments of the petition; (2) a plea of the statute of limitations; (3) an averment alleging the open, notorious, exclusive, continuous, adverse possession of the property as owner thereof from about the 1st day of October, 1880, until the commencement of the suit, which occurred in 1906. The prayer of defendant is that her right and title be established and declared paramount and superior to that of plaintiff, and for general relief. Plaintiff replied (1) by a general denial of the averments of the answer; (2) alleged that the cause of action did not arise within ten years; and (3) that the possession was not adverse, but that it was subservient to plaintiff's title, and with the consent and permission of plaintiff's grantors, that it was that of an agent, and that improvements made by defendant were made by the consent and permission and at the request of plaintiff's grantors. The cause was tried to the court without the intervention of a jury, a jury trial having been waived by both parties in open court.

The finding and judgment were in favor of plaintiff, and defendant appeals. The specific finding, hereafter stated, is that the plaintiff is the owner in fee of the property and entitled to the immediate possession of the same; that "defendant entered into possession of said premises under and by virtue of a verbal license with plaintiff's grantors, and wrongfully and unlawfully withholds possession thereof from plaintiff. By reason thereof plaintiff has been damaged in the sum of ten dollars." The

judgment, following the finding, is in the usual form of judgments in such cases, and included the recovery of the $10 damages. The evidence shows that the land on which the town site of Covington was located was government land, and that the patent therefor was issued to the board of trustees of the town of Covington under the town site act of congress on the second day of July, 1860, and that the property in dispute, with a large number of other lots, was deeded to Francis Hattenbach by Thomas L. Griffey, the chairman of the board of trustees for said town, November 12, 1858. The grantee subsequently died testate, devising his estate to his seven children, share and share alike, and his will was duly admitted to probate. By subsequent conveyances the property in dispute was deeded to plaintiff. A number of questions involving alleged errors on the part of the court in the admission of documentary evidence are urged, and it is claimed that by following the rules of evidence in their application to the case plaintiff has failed to establish his title by competent proof, and that, if the rule that plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of his adversary, be applied, the judgment must be reversed and a new trial granted.

As we view the case and the rule to be applied in its final solution and decision, these questions lose their importance and become immaterial. If, as the court found, the defendant's possession of the property was by the permission and consent of plaintiff's grantors, it would seem that the possession was not adverse, that it was subservient to their title, and, under the well-known rule that the possession of a tenant or a licensee is the possession of the landlord or licensor, and the title of the landlord or licensor may not be disputed while such possession continues, the judgment will have to be affirmed without reference to the quality, or even the existence, of the landlord's title. Upon this part of the case the evidence was contradictory. Indeed the cause was largely tried upon this issue. It is clearly shown, is in fact conceded, that

defendant and her husband, during his lifetime, were in possession of the property to the extent of inclosing it with a fence and the construction of minor buildings thereon for the convenience of the occupancy of defendant's home, which is on an adjoining lot, for more than ten years. The evidence upon the question of the permissive use of the property was such that, had the decision and judgment been in favor of defendant, it is quite probable that such finding and judgment would have merited an affirmance; but we are persuaded that if the evidence can be said to preponderate in either direction it is in favor of plaintiff, and we therefore the more readily affirm the judgment. While the evidence of plaintiff and his witnesses is contradicted by defendant and some of her witnesses, the fact remains that the evidence on the part of plaintiff, if true, establishes the license or permission of defendant to occupy and use the lots in dispute; that such permission was recognized on many occasions by her; that she, although in possession for many years over and above the ten years' limitation, never paid any taxes assessed against the property until a short time previous to the institution of the suit; that she and her husband, while he lived, were authorized to look after and care for the property of plaintiff's grantor, consisting of some 80 lots in the town; that she and they acted under such authority; that they were authorized to act as agents with reference to the property and claimed to be such, pointing out and designating the lots in controversy, as well as others, as the property of the Hattenbachs; that she on several occasions complained to them of the condition of the sidewalks along the line of the lots; and that her authority and that of her husband were in writing, although the writing itself was not produced nor introduced in evidence. As we have said, much if not all this evidence was contradicted by the defense, but the question of the weight of the testimony of the witnesses, all of whom were before the court, was largely for the solution of the court who heard and saw them, and observed

their demeanor and apparent candor in testifying.  Under
the circumstances we would not feel justified in disturb-
ing the judgment of the court upon that part of the case.

Complaint is made in the brief of appellant that the
court erred in rendering judgment for $10 damages, no
damages having been proved.  This objection to the judg-
ment cannot be examined, since no mention of the alleged
error is made in the motion for a new trial.

The judgment of the district court is

AFFIRMED.